IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW THOMAS DEARMOND III | § | |
| | § | |
| | § | |
| VS. | § | C.A. NO. 4:24-cv-1812 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| ANGEL OAK MORTGAGE SOLUTIONS, | § | |
| LLC AND WILMINGTON SAVINGS FUND | § | |
| SOCIETY (FSB) | § | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, Select Portfolio Servicing, Inc. ("**SPS**"), Angel Oak Mortgage Solutions, LLC ("**Angel Oak**") and Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Angel Oak Mortgage Trust 2021-7, Mortgage-Backed Certificates, Series 2021-7 ("**Trustee**") (collectively, "**Defendants**") file this Motion for Summary Judgment on all claims of Matthew Thomas Dearmond III ("**Plaintiff**") and would respectfully show the Court as follows:

## INTRODUCTION

1.      This matter relates to first lien residential mortgage in default and a foreclosure sale that was attempted by Trustee on property identified by its physical address of 3519 Lakes of Katy Lane, Katy, Texas 77493 (the "**Property**").  The borrower under the subject mortgage is Plaintiff. Trustee is the current mortgagee under the subject loan and SPS is the mortgage servicer for Trustee for the loan.  Angel Oak was the original lender prior to assignment of the subject Deed of Trust and it is unclear why it has been named.  No foreclosure sale is alleged to have occurred or has occurred because Plaintiff filed for bankruptcy protection.

2.      The payment obligations under the subject mortgage are past due for the February 2, 2022 payment and all subsequent payments, a point that Plaintiff apparently does not dispute.

3.     At most, Plaintiff has asserted claims for declaratory relief, breach of contract and a claim for injunctive relief.  As will be shown all of Plaintiff's claims fail as a matter of law under the standards applicable to summary judgment.

<u>**NATURE AND STAGE OF PROCEEDING**</u>

4.     Plaintiff filed the present suit in state court on or about May 6, 2024.  See Complaint attached to Defendant's Notice of Removal.  Dkt. No. 1-4.  Defendants timely removed to the present jurisdiction on May 14, 2024 and filed their Answer in State Court.  See Dkt. 1-Notice of Removal and Dkt. 1-8-Answer.  The jurisdiction of this Court has not been contested.  Defendants now move for summary judgment seeking the dismissal of all claims of Plaintiff with prejudice.

<u>**FACTUAL BACKGROUND**</u>

5.     On or about July 23, 2021, Borrower executed and delivered a Promissory Note (the "**Note**") made payable to original lender Angel Oak ("**Angel Oak**") and its assigns.  In the Note, Plaintiff promised to pay the principal amount of $731,700.00, plus interest as set forth in the Note.  See Exhibit 1-A.

6.     The indebtedness was secured by a deed of trust dated July 23, 2021 recorded in the real property records of Waller County, Texas as Instrument No. 2108651 ("**Deed of Trust**") executed by Borrower establishing a first lien on the Property.  See Exhibit 1-B.  The Note Deed of Trust and other loan documents are collectively referred to as the "**Loan**."

7.     Trustee is the current owner and holder of the subject note, the mortgagee under the Loan and is legally authorized to enforce the Note and Deed of Trust.  See Exhibits 1 and 1-A, 1-B and 1-C.

8.     On or about April 5, 2023 Mortgage Electronic Registration Systems, Inc. ("**MERS**") as nominee for Angel Oak assigned the Deed of Trust to Trustee as evidenced by an

Assignment recorded in the real property records of Waller County, Texas as Document No. 2304254.  See Exhibit 1-C.

9.      Borrower is currently past due for the February 2, 2022 mortgage payment and all subsequent payments due under the Loan.  See Exhibit 1.

10.     On March 22, 2022, while Borrower was in default on his payment obligations under the Note, Demand-Notice of Default was sent to Borrower via certified mail to the address indicated therein, which is his last known address according to the records of Trustee and SPS.  In the Notice he was informed of his default and the amounts required to cure the default.  See Exhibits 1 and 1-D.

11.     On March 13, 2024, while the payment obligations due under the Note remained in default, Trustee through its foreclosure counsel sent a Notice of Maturity/Acceleration Enclosing Notice of Substitute Trustee's Sale via certified mail to Borrower at the address indicated therein which includes his las known address according to the records of SPS and Trustee by which the payment obligations under the subject loan were legally accelerated.  See Exhibit 1-E.

12.     Select Portfolio Servicing, Inc. ("SPS") is the attorney-in-fact and mortgage servicer for Trustee for the subject loan.  See Exhibit 1-F.  The payment obligations under the Loan remain in default, and both the accelerated Loan balance and past due amounts remain unpaid.  See Exhibit 1.

13.     No foreclosure sale is alleged to have occurred.

14.     As will be shown, all of Plaintiff's claims against Defendants fail as a matter of law and due to lack of evidence on various grounds.

**<u>SUMMARY JUDGMENT EVIDENCE</u>**

15.     Defendants attach the following summary judgment evidence which is attached hereto and incorporated herein by reference.

Exhibit "1"   Declaration of Diana Weinberger of Select Portfolio Servicing, Inc. as servicer and attorney-in-fact for Trustee and exhibits thereto which include the following:

1-A   Promissory Note dated July 23, 2021

1-B   Deed of Trust dated July 23, 2021 as recorded in the Official Real Property Records of Waller County, Texas

1-C   Assignment from MERS as nominee to Trustee

1-D   Notice of Default dated March 22, 2022

1-E   Notice of Acceleration and Posting dated March 13, 2024

1-F   Limited Power of Attorney authorizing SPS to act on behalf of Trustee

## ARGUMENT AND AUTHORITIES

### A.   Standards for Motion for Summary Judgment.

16.   Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

17.   For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp.*

*Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)).

18.     If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.  *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).  "An issue is material if its resolution could affect the outcome of the action.  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

19.     In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party.  *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.  *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden.  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).  Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."  *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks

omitted).  In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.  *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

20.     The Court is not required to accept the non-movant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence.  *Id.* (citing Reaves Brokerage, 336 F.3d at 413).  Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence.  *See* Fed. R. Civ. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F.Supp.2d 733, 745 (S.D. Tex. 2003).  A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.  *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) ("A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud.")

**B.     Plaintiff's Claim for Declaratory Relief Fails.**

21.     Plaintiff purportedly seeks declaratory relief contending generally without specific facts that Trustee lacks standing to foreclose.

22.     To the extent Plaintiff intended to challenge Trustee's standing to foreclose such claim fails.  "Under Texas Law, a mortgagee ... is permitted to foreclose on a house" under a deed of trust.  *Epstein v. U.S. Bank National Association*, 540 F. App'x 354, 356 (5th Cir. 2013).  "A mortgagee includes the grantee, beneficiary, owner, or holder of a security instrument, such as a deed of trust, or 'if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record.'"  *Hernandez v. Residential Accredit Loans Inc., Mortg. Asset-Backed Pass-Through Certificates, Series 2007-QS3*, No. CV H-18-0724, 2018 WL 4033785, at *6 (S.D. Tex. Aug. 23, 2018) citing *EverBank, N.A. v. Seedergy Ventures, Inc.*, 499

S.W.3d 534, 539 (Tex. App.—Houston [14th Dist.] 2016, reh'g overruled) (citing Tex. Prop. Code §§ 51.0001(4), (6)).   The real property records of Waller County, Texas include an Assignment of the Deed of Trust to Trustee, which establishes Trustee's standing to foreclose as a matter of law.  See Exhibits 1 and 1-B and 1-C.  If necessary, Trustee also establishes that is the holder of the Note.  See Exhibits 1 and 1-A.

23.      Further, to the extent he is attempting to do so, Plaintiff has no standing to challenge the facially valid mortgage assignments.   Plaintiff lacks standing to assert a challenge to the assignment of the Note and the Deed of Trust because Plaintiff is not a party to the assignment or a third-party beneficiary.  *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013) ("facially valid assignments cannot be challenged for want of authority" except by the assignor); *Sanchez v. Bank of Am., N.A.*, 2013 WL 3097906, at *3 (E.D. Tex. June 18, 2013).

24.      For these reasons, Plaintiff's claim for declaratory relief or challenges to Trustee's standing to foreclose fails.

## C.      Plaintiff's Breach of Contract Claim Fails

25.      Plaintiff attempts to assert a breach of contract claim based on allegations that Defendants failed to provide notice prior to foreclosure and separately for allegedly failing to "send him the results of the Appeal filed by the Property Owner".   Neither of these allegations support a legally viable claim for breach of contract.

26.      If necessary, Defendants have established that all required notices were provided to the Borrower in manner consistent with applicable law.  See Exhibits 1, 1-E and 1-F.  Whether Plaintiff contends he "received" such notices is irrelevant as to whether notice was provided in compliance with applicable law.

27.      Both notice of default and notice of acceleration were sent to Plaintiff in accordance with applicable law.  See Exhibits 1, 1-F and 1-G.  The notice requirements in § 51.002 provide

"a minimum level of protection for the debtor, and it provides for only constructive notice of the foreclosure." *Gossett v. Fed. Home Loan Mortg. Corp.,* 919 F. Supp. 2d 852, 859–60 (S.D. Tex. 2013) quoting *Onwuteaka v. Cohen,* 846 S.W.2d 889, 892 (Tex. App.–Houston [1st Dist.] 1993, no pet.).  "Actual receipt of the notice is not necessary." *WMC Mortgage Corp. v. Moss,* No. 01–10–00948–CV, 2011 WL 2089777, *7 (Tex. App.–Houston [1st Dist.] May 19, 2011).

28.     Instead, "service of a notice under [§ 51.002] by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address."  Tex. Prop. Code § 51.002(e).  The "mailbox rule" is in accord with the Deed of Trust, which states that "any Notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.  See Exhibit 1-B, § 15.  Furthermore, "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is *prima facie* evidence of service." Tex. Prop. Code § 51.002(e).

29.     Accordingly, Plaintiff's notice claims, if any, fail under the standards applicable to summary judgment.

30.     With respect to Plaintiff's contract claims relating to an alleged appeal, the basis for such allegations is unintelligible.  Regardless, Plaintiff has not and cannot direct the Court to any contractual provision in the Note or Deed of Trust that provides for an appeal of a loss mitigation or loan modification decisions, or notice to Borrower of such an appeal as required to establish the essential elements of a claim for breach of contract.  Moreover, Plaintiff cannot establish a breach of contract claim as he has neither alleged nor can prove any damages, as no foreclosure sale is alleged to have occurred.

31.     To the extent Plaintiff is attempting to establish some unspecified contract or modification of the contract based on oral representations or a course of conduct, such claims are

precluded by the statute of frauds.  *See* Tex. Bus. & Com. Code Ann. § 26.02(a)(2) (requiring a writing for loan agreements involving loans of $50,000 or more); *see also Martins v. BAC Home Loans Servicing,* L.P., 722 F.3d 249, 256 (5th Cir. 2013) (holding that the statute of frauds applies to oral modifications to loan agreements); *Kiper v. BAC Home Loans Servicing, LP,* 884 F.Supp.2d 561, 571 (S.D. Tex. 2012).

32.     By way of example, an agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable.  *See* Tex. Bus. & Com. Code § 26.02(a), (b); *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 328–29 (5th Cir. 2013); *Burnette v. Wells Fargo Bank, N.A.,* No. 4:0–CV–370, 2010 WL 1026968, at *4–*5 (E.D. Tex. Feb. 16, 2010) (applying Texas law); *Deuley v. Chase Home Fin. LLC,* No. H–05–04253, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 26, 2006) (applying Texas law); *Krudop v. Bridge City State Bank,* No. 09–05–111 CV, 2006 WL 3627078, at *4 (Tex. App.–Beaumont Dec. 14, 2006, pet. denied).

33.      "The district court held, and we agree, that because there was no written agreement to delay foreclosure, plaintiff's breach of contract claim is barred by the statute of frauds." *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 328–29 (5th Cir. 2013).*Burnette v. Wells Fargo Bank, N.A.,* No. 4:0–CV–370, 2010 WL 1026968, at *4–*5 (E.D. Tex. Feb. 16, 2010) (applying Texas law); *Deuley v. Chase Home Fin. LLC,* No. H–05–04253, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 26, 2006) (applying Texas law); *Krudop v. Bridge City State Bank,* No. 09–05–111 CV, 2006 WL 3627078, at *4 (Tex. App.–Beaumont Dec. 14, 2006, pet. denied).

34.     In addition to the statute of frauds, any oral contract claim based on an alleged promise to delay foreclosure or accept payments in some manner outside the permissible terms of the contract cannot otherwise form the basis of a breach of contract claim because Plaintiff has not alleged and cannot come forward with evidence of consideration for any such contract.  *James v. Wells Fargo Bank*, *N.A.*, 533 Fed. Appx. 444, 446–47 (5th Cir. 2013) (per curiam).

35.     For these multiple and alternative reasons, Plaintiff's attempted claim for breach of contract fails under the standards applicable to summary judgment.

**D.     Plaintiff's Claim for Injunctive Relief Fails.**

36.     To the extent Plaintiff continues to seek injunctive relief, such claim fails.  To obtain injunctive relief, a plaintiff is required to plead and prove, inter alia, a substantial likelihood of success on the merits.  *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860 at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996).

37.     Under Texas law, a request for injunctive relief, absent a cause of action supporting entry of a judgment, is fatally defective and does not state a claim. *See Hill v. Wells Fargo Bank, N.A.,* 2012 WL 2065377, at *10 (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002)); s*ee also Puig v. Citibank, N.A.*, No. 3:11-CV-0270-L, 2012 WL 1835721, at *17 (N.D. Tex. May 21, 2012) (stating that parties are not entitled to injunctive relief where "the court has dismissed each of their claims as a matter of law").

38.     Because Plaintiff cannot prevail on any other claim against Defendant, Plaintiff's request for injunctive relief, if any, should likewise be dismissed.

## CONCLUSION AND PRAYER

39.     Plaintiff filed the present suit for the sole purposes of delaying foreclosure despite the fact that the mortgage is past due for the February 2, 2022 mortgage payment and all subsequent payments.  Plaintiff has not and cannot come forward with evidence supporting the essential elements of any legally viable claim and Defendants' have produced evidence establishing the mortgage defaults, that proper notices were provided, that no sale has occurred, and Trustee's standing to foreclose.  Summary judgment should be granted in Defendants' favor on all claims.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that Plaintiff's claims be dismissed with prejudice, and that Defendants recover such other and further relief to which this Court deems them to be justly entitled.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas  77002-2772
    Tel 713-220-9182 / Fax 713-223-9319
    E-mail: mhord@hirschwest.com
    Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 23rd day of October, 2024, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with **Federal Rule of Civil Procedure 5(b)** as follows:

Matthew Thomas Dearmond, III Pro Se
3519 Lakes of Katy Lane
Katy, Texas 77493
**Via ECF and Email**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.