UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATTHEW THOMAS DEARMOND III § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:24-CV-01812 |
| § | |
| SELECT PORTFOLIO SERVICING, INC., § | |
| ANGEL OAK MORTGAGE § | |
| SOLUTIONS, LLC, AND WILMINGTON § | |
| SAVINGS FUND SOCIETY, FSB, § | |
| *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendants Selection Portfolio Servicing, Inc. ("SPS"), Angel Oak Mortgage Solutions, LLC ("Angel Oak"), and Wilmington Savings Fund Society, FSB's ("Wilmington") Motion for Summary Judgment.[1] ECF 16. Plaintiff Matthew Thomas Dearmond III, proceeding pro se, did not respond to Defendants' Motion. After considering the arguments, the record, and the applicable law, the Court RECOMMENDS that Defendants' Motion (ECF 16) be GRANTED.

**I.     Factual and Procedural Background.**

On July 23, 2021, Plaintiff Matthew Thomas Dearmond III took out a loan to purchase property located at 3519 Lakes of Katy Lane, Katy, Texas 77493 (the

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 3.

"Property"). ECF 16-2 at 1. Plaintiff executed a Promissory Note (the "Note") payable to Angel Oak in the amount of $731,700.00. *Id.* The Note was secured by a Deed of Trust and recorded in the real property records of Waller County, Texas, as Instrument Number 2108651. ECF 16-3 at 14. On April 5, 2023, Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Angel Oak, assigned the Deed of Trust to Wilmington as Trustee for Angel Oak Mortgage Trust 2021-7, Mortgage-Backed Certificates, Series 2021-7. ECF 16-4 at 1.

As of February 2, 2022, Plaintiff failed to make payments on the Note. ECF 16-1 at ¶ 7. On March 22, 2022, SPS, who services the loan for Wilmington, sent a notice of default to Plaintiff via certified mail. ECF 16-5 at 2. The notice of default explained that Plaintiff was in default and provided the amount owed to cure the default. *Id.* at 3. On March 13, 2024, Wilmington, as trustee, sent notice of acceleration and foreclosure sale to Plaintiff via certified mail to Plaintiff's last known address. ECF 16-6 at 4. The notice set the foreclosure date as May 7, 2024, between 1:00 PM and 4:00 PM at the Waller County Commissioner's Court. *Id.* To date, no foreclosure has occurred because Plaintiff filed for bankruptcy protection. ECF 16 at ¶ 1.

On May 6, 2024, Plaintiff, proceeding pro se, filed his Original Petition, Cause No. CV24-05-1092, in the County Court at Law No. 2, Waller County, Texas. ECF 1-4. Plaintiff alleges that Defendants are attempting to foreclose on the Property in

violation of Texas law. *Id.* at 4–5. Plaintiff seeks injunctive relief preventing Defendants from foreclosing on the Property. *Id.* at 6. Plaintiff also seeks declaratory relief. Plaintiff requests the Court declare that he requested a right to reinstate to bring the loan current, and Defendants should have permitted him to do so prior to foreclosure. *Id.* at 7. Further, Plaintiff asks the Court to declare that notice of foreclosure was improper because MERS did not have a valid interest in the Note. *Id.* Plaintiff asks the Court to declare that Defendants did not have the right to foreclose on the Property because the assignment to Wilmington was invalid. *Id.* Plaintiff also brings a claim for breach of contract, claiming Defendants breached the Deed of Trust by "not sending the results of the Appeal filed by [Plaintiff]" and failing to provide timely notice of the intent to foreclose by certified mail. *Id.* at 8.

On May 14, 2024, Defendants removed the case to federal court invoking the Court's diversity jurisdiction. ECF 1. On October 23, 2024, Defendants filed a Motion for Summary Judgment (ECF 16). Plaintiff did not file a response.

**II.   Legal Standards.**

A party is entitled to summary judgment under Federal Rule of Civil Procedure 56 if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, while a dispute about that fact is genuine if the evidence is such that a reasonable

3

jury could return a verdict for the nonmoving party. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (internal quotation marks omitted).

The moving party "always bears the initial responsibility of demonstrating the absence of a genuine issue of material fact." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (alterations omitted). When the movant would not bear the burden of persuasion at trial, he may satisfy his initial summary judgment burden by "pointing out that the record contains no support for the non-moving party's claim." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019).

Once the movant has made an initial showing that there is no evidence to support the nonmoving party's case, the responding party must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The party opposing summary judgment must identify specific evidence in the record to support their claim. *Clark v. City of Alexandria*, 116 F.4th 472, 478 (5th Cir. 2024). Rule 56 does not impose a duty on the court to search the record for evidence supporting the nonmovant's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent

summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.) (summary judgment may be appropriate "if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation."), *cert denied*, 513 U.S. 871 (1994).

In ruling on a motion for summary judgment, the court construes the evidence in the light most favorable to the non-movant and draws all reasonable inferences in that party's favor. *United States ex rel Johnson v. Raytheon Co.*, 94 F.4th 776, 783 (5th Cir. 2024). In cases set for jury trial, courts may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes, as those are functions of a jury and not the judge. *Fleming v. Bayou Steel BD Holdings II, L.L.C.*, 83 F.4th 278, 293 (5th Cir. 2023) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

### III.   Analysis.

In this diversity action, Defendants argue that Plaintiff's breach of contract claim fails because there is no evidence Defendants breached the Deed of Trust. Defendants also argue that Plaintiff's declaratory action fails because Wilmington has standing to foreclose on the Property and, under Texas law, Plaintiff cannot challenge the validity of the assignment of the Deed of Trust. Finally, Defendants argue that Plaintiff's request for injunctive relief fails because he lacks a valid underlying cause of action or claim.

Under Local Rule 7.4, the Court treats Plaintiff's failure to respond as a representation of no opposition.[2] Thus, Defendants' Motion (ECF 16) is unopposed. Furthermore, the Court may treat the facts presented by Defendants as undisputed. *Safeco Insurance Co. of America v. Progressive Cty. Mut. Ins. Co.*, No. 4:21-CV-03297, 2022 WL 2818751, at *1 (S.D. Tex. July 19, 2022) (citing *Morgan v. Federal Express Corp*, 114 F Supp 3d 434, 437 (S.D. Tex. 2015) and *Eversley v. MBank of Dallas*, 843 F2d 172, 174 (5th Cir. 1988)).

### A. Plaintiff's breach of contract claim fails as a matter of law.

Texas law controls Plaintiff's breach of contract claim. *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999) (stating federal courts exercising diversity jurisdiction apply the law of the forum state). In Texas, "[t]he essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009).

The basis for Plaintiff's breach of contract claim is twofold. First, Plaintiff alleges Defendants breached when they failed to provide him with information regarding his "right to appeal." The "right to appeal" alleged by Plaintiff refers to a

---

[2] https://www.txs.uscourts.gov/sites/txs/files/LR_August_2023.pdf

January 3, 2024, letter from SPS regarding "home retention loss mitigation" options. ECF 1-4 at 30-32.  The letter gave Plaintiff the option to appeal SPS's decision that Plaintiff was not eligible for home retention loss mitigation.  *Id.* at 30.  Plaintiff claims he exercised his option to appeal, but received no information thereafter.  *Id.* at 4.  However, Plaintiff has provided no evidence in response to Defendants' Motion for Summary Judgment indicating he submitted an appeal.  Furthermore, the Court can find no "right to appeal" within the Deed of Trust or Note which could form the basis of a breach of contract claim.  Lacking evidentiary support, Plaintiff's first basis for breach of contract fails as a matter of law.

Second, Plaintiff claims that Defendants breached when they failed to provide proper notice of intent to foreclose within the time frame set by Texas law.  Texas requires notice of foreclosure sale to be given to the debtor twenty-one (21) days prior to the date of sale.  TEX. PROP. CODE § 51.002(b).  Further, "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address."  TEX. PROP. CODE § 51.002(e). An affidavit stating that service was completed is prima facie evidence of service.  *Id.*  Wilmington sent notice of foreclosure sale to Plaintiff, via certified mail, to his last known address, on March 13, 2024.  ECF 16-6.  The listed sale date is May 7, 2024.  *Id.*  Thus, Plaintiff had notice at least twenty-one days before the date of foreclosure.  Further, Diana

7

Weinberger of SPS states in her Declaration that Plaintiff was provided notice in compliance with § 51.002.  ECF 16-1 at 2 ¶ 9.  The undisputed facts show that Defendants timely provided notice of intent to foreclose within the requirements set forth in § 51.002.  Plaintiff's second basis for breach of contract fails as a matter of law.  The uncontroverted facts demonstrate Defendants did not breach the Deed of Trust or Note.

### B. Plaintiff's request for declaratory relief fails as a matter of law.

Plaintiff seeks relief under the Texas Declaratory Judgment Act.  ECF 1-2 at ¶ 30; TEX. CIV. PRAC. & REM. CODE § 37.  However, Defendants properly removed this case to federal court.  ECF 1.  The Texas Declaratory Judgment Act "is a procedural mechanism that is inapplicable in federal court." *Piazzo v. Allstate Indemnity Company*, 601 F. Supp. 3d 189, 195 (S.D. Tex. 2022) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)).  "When a declaratory judgment action filed in state court is removed to federal court, the federal court does not apply the Texas Declaratory Judgment Act." *Id.*  Thus, the Court will apply the federal Declaratory Judgment Act.  The federal Declaratory Judgment Act does not create an independent cause of action.  *Harris County Texas v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015).  Instead, "it is the underlying cause of action that is actually litigated in a declaratory judgment action." *Collins v. National Football League*, 566 F. Supp. 3d 586, 603 (E.D. Tex. 2021) (citing *Collin Cnty., Tex. v.*

*Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990)).

As discussed above, Plaintiff's underlying breach of contract cause of action, fails as a matter of law. Thus, to the extent his declaratory relief is premised on his breach of contract claim, his request for declaratory judgment fails. *Id.* Plaintiff arguably alleges two other cognizable claims under the umbrella of declaratory relief. Both fail summary judgment scrutiny.

First, Plaintiff claims that the notice of foreclosure was improper because "MERS never had an interest in the promissory note." ECF 1-4 at 7. It is not entirely clear from Plaintiff's Petition what he is alleging. However, like Defendants, the Court reads this as a claim that Wilmington, as Trustee, lacked standing to foreclose. "Under Texas law, a mortgagee…is permitted to foreclose on a house even without holding the note." *Epstein v. U.S. Bank Nat. Ass'n*, 540 F. App'x 354, 356 (5th Cir. 2013). Further, a "mortgagee" includes "the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.0001(4)(C). Here, Angel Oak, through MERS, assigned its rights to Wilmington under the Deed of Trust. ECF 16-4. Thus, Wilmington, as the last assignee of record (ECF 16-4), has standing to foreclose on the Property under Texas law.

Second, Plaintiff claims that Wilmington does not have the right to foreclose because the assignment (ECF 16-4) was invalid. However, "under Texas law,

9

facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." *Reinagel v. Deutsche Bank Nat. Tr. Co.*, 735 F.3d 220, 228 (5th Cir. 2013). The record demonstrates the assignment to from Angel Oak to Wilmington is facially valid. Further, Plaintiff neither claims to be a defrauded assignor nor is he a party to the assignment. Thus, Plaintiff cannot challenge the validity of the assignment to Wilmington. With no underlying claim or cause of action surviving summary judgment, "[P]laintiff's request for declaratory relief has no merit." *Hernandez v. Residential Accredit Loans Inc., Mortg. Asset-Backed Pass-Through Certificates, Series 2007-QS3*, No. CV H-18-0724, 2018 WL 4033785, at *6 (S.D. Tex. Aug. 23, 2018).

### C. Plaintiff's claim for injunctive relief fails as a matter of law.

Plaintiff seeks a temporary and a permanent injunction against Defendants. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Hernandez*, 2018 WL 4033785, at *6 (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)). As discussed above, Plaintiff lacks an underlying claim or cause of action to support his request for injunctive relief. Therefore, he is not entitled to injunctive relief as a matter of law.

### IV. Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendants' Motion for Summary Judgment (ECF 16) be GRANTED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 21, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge